OPINION
Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5). Defendant-appellant Kevin L. Miller ("Miller") brings this appeal from the judgment of the Court of Common Pleas of Henry County finding him to be a sexual predator.
On December 19, 2001, Miller pled guilty to three counts of gross sexual imposition. The charges arose from two incidents where Miller touched a 10-year old girl's breast area through her shirt and a third incident of touching the same child's breast area under her bikini top. The State sought to classify Miller as a sexual predator. At the hearing, the State presented no testimony. Instead, the State submitted a copy of the police report, a copy of the social worker's report, two cards sent to the victim by Miller, and a rock given to the victim by Miller. Miller presented the testimony of his counselor/minister concerning his progress in counseling. In addition, the trial court had the presentence investigation report before it, which listed no recidivism factors and three factors indicating that he was less likely to repeat the offense. The trial court then made the following finding:
 "Based upon the evidence submitted and based upon this Court's consideration of the criteria contained in the Statute, Section 2950.09, Part (B), this Court determines, by clear and convincing evidence, that the defendant is a sexual predator." Tr. 45.
The trial court then sentenced Miller to five years under community control sanctions. It is from this judgment that Miller appeals.
Miller raises the following assignment of error.
"The evidence is insufficient, as a matter of law, to prove `by clearand convincing evidence' that appellant `is likely to engage in thefuture in one or more sexually oriented offenses.'"
The Supreme Court of Ohio has directly dealt with the sufficiency of evidence necessary to find a defendant to be a sexual predator in Statev. Eppinger (2001), 91 Ohio St.3d 158, 743 N.E.2d 881. In Eppinger, the court stated as follows:
"As previously noted, at the sexual offender classification hearing, in order for the offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. * * *
"The General Assembly supplied the trial court with several factors to consider in making this weighty decision. R.C. 2950.09(B)(2) provides:
 "`In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
"`(a) The offender's age;
 "`(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "`(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "`(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "`(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "`(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "`(g) Any mental illness or mental disability of the offender;
 "`(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "`(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "`(j) Any additional behavioral characteristics that contribute to the offender's conduct.'
"As noted by the court of appeals, "[c]lear and convincing evidence is that measure or degree of proof that will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.
"* * *
"Although certainly even one sexually oriented offense is reprehensible and does great damage to the life of the victim, R.C. Chapter 2950 is not meant to punish a defendant, but instead, `to protect the safety and general welfare of the people of this state.' * * * Thus, if we were to adjudicate all sexual offenders as sexual predators, we run the risk of `being flooded with a number of persons who may or may not deserve to be classified as high-risk individuals, with the consequence of diluting both the purpose behind and the credibility of the law. This result could be tragic for many.' * * * Moreover, the legislature would never have provided for a hearing if it intended for one conviction to be sufficient for an offender to be labeled a `sexual predator.'
"Instead of deciding whether the offender is particularly deserving of punishment, the issue presented to the court at a sexual offender classification hearing is whether the defendant is likely to commit further sexually oriented offenses. Not only is this determination problematic for the trial court to make, but it is certainly confounding to review on appeal without an adequate record. Accordingly, we believe that trial courts, prosecutors, and defense attorneys should adhere to some basic standards to meet the criteria required in an R.C. 2950.09
hearing. We adopt the following model procedure for sexual offender classification hearings * * *.
"In a model sexual offender classification hearing, there are essentially three objectives. First, it is critical that a record be created for review. Therefore, the prosecutor and defense counsel should identify on the record those portions of the trial transcript, victim impact statements, presentence report, and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the issue of whether the offender is likely to engage in the future in one or more sexually oriented offenses. * * * [A] clear and accurate record of what evidence or testimony was considered should be preserved, including any exhibits, for purposes of any potential appeal.
"Second, an expert may be required, as discussed above, to assist the trial court in determining whether the offender is likely to engage in the future in one or more sexually oriented offenses. Therefore, either side should be allowed to present expert opinion by testimony or written report to assist the trial court in its determination, especially when there is little information available beyond the conviction itself. While providing an expert at state expense is within the discretion of the trial court, the lack of other criteria to assist in predicting the future behavior of the offender weighs heavily in favor of granting such a request.
"Finally, the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." Id. at 163-166.
 In this case, the trial court complied with the first requirement. All of the evidence considered was placed in the record and a transcript was made of the hearing. The second requirement was also met when Miller was permitted to have his minister, who was counseling Miller at the time, testify. We note that the State did not have any expert testimony and no psychological exam was performed on Miller to address the probability that he would likely engage in sexually oriented offenses in the future. At the hearing, the State relied, in pertinent part, on the following argument:
 "Each time that he calls her down and gives her a gift, he also molests her. Those — that, Your Honor, that demonstrated pattern of abuse, is what is so important in determining this defendant's mindset and what he is or is not likely to do. We have no psychological testimony that this is not likely to occur again. We have only his pattern in the past, to the point, Your Honor, where he says, "I'm not going to bother you anymore", when — before she leaves for camp and then, while she's at camp, sends her a card which he signs "Forever Yours". It's the type of thing a boyfriend would sent to a girlfriend, not a forty-four year old man would send to a ten year old.
 "He calls her. Clearly, when he may have said, `I'm not going to dothis', clearly he was wishing to rekindle the relationship. `I missyou, I hope we can get together again.' Your Honor, each and everypedophile in the United States acts just exactly like this defendant actedand they continue to act that way.
 This case, Your Honor, is not even a particularly close call as towhether or not his person is a predator. The only thing in his favor isthat he — we don't know of any more victims.
 "* * *
 "I believe, Your Honor, that to classify this defendant as anythingother than a predator would be to ignore all of the facts andcircumstances surrounding this case and to ignore the demonstratedlikelihood that he wanted this to go on, and only because the police gotinvolved did it not go on. And it's real easy to say, `Gosh, I won't doit anymore.' He already said that once and then went back, while hedidn't touch her again, it's only because the opportunity did not presentitself again and we would ask that this defendant be classified as apredator, Your Honor."Tr. 35-38.
The first problem with this argument is that the State claims that no psychological evidence was introduced showing that Miller was not likely to commit sexually oriented offenses in the future. However, no psychological evidence was introduced to show that he would. The burden of proof is on the State to show that the defendant is likely to commit future offenses, not on the defendant to show he/she will not. R.C.2950.09. Second, the State claims that Miller's behavior mirrors that of all other pedophiles who always commit future crimes. This claim was made without any evidence on the record to support it. Third, the State claims that Miller is a predator and that the State just does not know of his other victims. There is no evidence in the record, either in the indictment, the report of the detective, the report of the social worker, or in the presentence investigation report that would indicate that there are any other victims. Finally, the State argued that the only reason that Miller did not continue to abuse the child after he said that he would stop is that the opportunity did not present itself. All of this argument might or might not have been supported by an expert witness who could have testified to the factors that would or would not make Miller likely to commit future offenses. Given the limited evidence available for the trial court's consideration, an expert witness would have been very useful to the State's case.
Of course, while an expert witness would have been very useful to the State, there is no requirement that the State submit expert testimony. Moreover, the State and the trial court may rely solely upon the PSI. In this case, based upon the evidence found in the PSI, the trial court could have found Miller to be a sexual predator. That same PSI also provided evidence that would have permitted the trial court to find that Miller was not a sexual predator.
This highlights the importance of the third requirement for the hearing, which is that the trial court discuss on the record the particular evidence and factors that formed the basis of its decision. Here, the trial court failed to do so. As stated earlier, the trial court in this case merely stated that it had considered the statutory factors and found Miller to be a sexual predator. This does not meet the requirements set forth in Eppinger.
Since the trial court did not comply with the procedural requirements of Eppinger, this court does not know the basis for the trial court's opinion and is therefore unable to properly evaluate the trial court's decision. For this reason, the judgment of the Court of Common Pleas of Henry County is vacated and the cause is remanded for further proceedings.
Judgment vacated and cause remanded.
SHAW, P.J., WALTERS, J., concurs.